**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-01901-001-TUC-RCC (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Valero, Jr., | |
| Defendant. | |

Defendant Christopher Valero, Jr. submitted a letter to the Court stating that there is a detainer in this case that is preventing him from being released on October 25, 2020. (Doc. 118.)  He asks the Court to run any federal sentence for probation violation concurrently to the state sentence he is now serving, and to remove the federal detainer because of the Covid-19 pandemic. *Id.*

The Federal Public Defender screened this matter pursuant to General Order 20-28 and stated that the Court should construe this filing as motion to transfer custody and resolve any pending supervised release violation. (Doc. 119.) The FPD also suggested the Court should appoint counsel to assist him with his motion. *Id.*

Previously, in March 2018, the Court denied a request by Valero to run his sentences concurrently. (Doc. 117.) Although this request was prior to Covid-19, for the reasons stated therein, the conclusion is the same. The Court will deny Valero's motion.

I.   *Factual History*

Valero plead guilty to one count of Conspiracy to Transport Illegal Aliens for the

Purpose of Commercial Advantage. (Doc. 98.) The Court sentenced him to 6 months' incarceration with three years' supervised release on September 22, 2015. *Id.* Within two months of release, probation filed a petition to revoke because Valero had violated the terms of supervised release. (Doc. 101.) The Court revoked supervised release and sentenced Valero to four months' incarceration with 28 months' supervised release. (Doc. 112.)

While under this second term of supervised release, Valero pled guilty in state court to conspiracy to commit dangerous drug for transportation or sale. (Doc. 119-1 at 1.) He is set to be released from the state sentence on April 25, 2021. (Doc. 119-2 at 1.)

II.   *Compassionate Release under the First Step Act*

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that a court may modify a term of imprisonment upon a motion from the defendant when: (1) the defendant has exhausted his administrative remedies; (2) the court has considered the section 3553(a) factors; and (3) the court finds that (i) "extraordinary and compelling reasons warrant such a reduction," or that (ii) the defendant is 70 or over, has been imprisoned at least 30 years, and has been found not to present a danger to the community." A reduction must also be "consistent with [the Sentencing Commission's] applicable policy statements." 18 U.S.C. § 3582(c)(1)(A).

Valero has not demonstrated he has exhausted his administrative remedies, has listed no medical impairments that place him in a higher risk category for contracting Covid-19, and has failed to argue that he is not a danger to society. Nor does Valero present any plan for preventing the possible spread of the virus from himself to the community upon release. It is Valero's burden to demonstrate he is entitled to relief and he has not done so. *See* 18 U.S.C. § 3582(c)(1)(A); *see United States v. Greenhut*, No. 18-CR-48-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *see also United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

///

### III. Transfer of Custody

The Court may issue a warrant for the arrest of a defendant when "there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release[.]" 18 U.S.C. § 3606; *see also* 9B Fed. Proc., L. Ed. §2023 (2013). But, the relevant rules do not allow for an initial appearance until any warrant that may have been issued is executed and served upon Defendant. *See* Fed. R. Crim. P. 4(c), 32.1(a)(1)(B). Moreover, the District Court is not obligated "to writ a defendant out of state custody and bring him before the federal district court for his revocation hearing . . . [which] could prove extremely burdensome." *United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001).

There is no indication in the docket, Valero's motion, or the FPD's notice that a warrant has been served upon Valero, and so the Court may not transfer him to resolve this issue. Furthermore, the undersigned will not burden the federal courts with Valero's transfer when, as demonstrated below, a request for concurrent sentencing is inconsistent with the Guidelines.

### IV. Concurrent Sentence

"A person who violates both federal and state law may not complain of the order in which he is tried or punished." *State v. Thornton*, 929 P.2d 676, 684 (Ariz. 1996), (citing *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950)). The Ninth Circuit has determined that the District Court has discretion to decide whether to impose a concurrent or consecutive sentence. *See e.g. United States v. Xinidakis*, 598 F.3d 1213 (9th Cir. 2010). However, the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") state that "[i]t is the policy of the [United States Sentencing] Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation . . . ." U.S.S.G., ch. 7, pt. B, introductory cmt.; *see also* U.S.S.G. § 7B1.3(f) (A term of imprisonment imposed upon revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . .

.").

In accordance with the Guidelines, any sentence that Valero may receive for probation violation shall run consecutive to his state sentence. Relief is not available to Valero in this instance.

Accordingly, IT IS ORDERED Defendant's document, docketed as a MOTION to Reduce Sentence or for Early Release - First Step Act is DENIED. (Doc. 118.)

Dated this 13th day of July, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge